Disney Enterprises, Inc. et al v. Fomdb.com et al Doc. 1

CONFORMING COPY

ROBERT H. ROTSTEIN (SBN 72452),
rxr@msk.com
WADE B. GENTZ (SBN 249793),
wbg@msk.com
ERIC S. BOORSTIN (SBN 253724),
esb@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiffs

FILED
2008 JUL 28 PM 12: 17
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISNEY ENTERPRISES, INC., a Delaware corporation; and PARAMOUNT PICTURES CORPORATION, a Delaware corporation.<br><br>Plaintiffs,<br><br>v.<br><br>FOMDB.COM, a business entity of unknown form; RAYMOND WILLIAMS, an individual, d/b/a FOMDB.COM; and DOES 1 through 5, inclusive,<br><br>Defendants. | CASE NO. CV08-04930 GW AJWx<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 101, *ET SEQ.*)** |

Dockets.Justia.com

Plaintiffs Disney Enterprises, Inc. and Paramount Pictures Corporation (collectively, "Plaintiffs") for their Complaint against defendants FOMDB.com, Raymond Williams, and Does 1 through 5 (collectively, "Defendants") allege as follows:

## NATURE OF THE ACTION

1. This is a civil action for damages and for injunctive and related relief against Defendants for violations of the United States Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.* This action arises out of Defendants' infringement of copyrights in numerous motion pictures and other audiovisual works to which Plaintiffs own or control copyright and/or exclusive distribution rights ("Plaintiffs' copyrighted works").

2. Defendants own and operate the website www.fomdb.com ("FOMDB" or the "Website"), whose purpose is to promote, facilitate, and profit from the infringement of Plaintiffs' copyrighted works. FOMDB is a for-profit "one-stop-shop" for infringing copies of Plaintiffs' copyrighted works. Specifically, Defendants post, organize, search for, identify, collect and index links to infringing material that is available on third-party websites (including, for example, the third party website Megavideo.com). Plaintiffs are informed and believe, and based thereon allege, that Defendants profit from their misconduct by displaying advertisements adjacent to the infringing content (including Plaintiff's copyrighted works) that plays on their site. Defendants' conduct constitutes copyright infringement.

3. As alleged in detail below, by virtue of their conduct, Defendants violate the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*

## THE PARTIES

4. Plaintiff Disney Enterprises Inc. ("Disney") is a corporation duly incorporated under the laws of the State of Delaware with its principal place of business located in Burbank, California.

5. Plaintiff Paramount Pictures Corporation ("Paramount") is a corporation duly incorporated under the laws of the State of Delaware with its principal place of business located in Los Angeles, California.

6. Defendants own and/or operate a website, www.fomdb.com, at the Internet Protocol address 76.76.13.83. On information and belief, Defendants engage in and profit from infringing activity in this judicial district.

7. Defendant FOMDB.com is a business entity of unknown form.

8. On information and belief, Defendant Raymond Williams owns and/or operates FOMDB.com. On information and belief, Williams is an individual residing in the State of Pennsylvania.

9. Plaintiffs are unaware of the true names or capacities of the defendants sued herein under the fictitious names DOES 1 through 5, inclusive. Plaintiffs are informed and believe, and based thereon allege, that DOES 1 through 5, and each of them, either directly performed the acts alleged herein or were acting as the agent, principal, alter ego, employee, representative, or otherwise participated in the acts alleged herein with Defendants. Accordingly, defendants DOES 1 through 5 are each liable for all of the acts alleged herein because they were the cause in fact and proximate cause of all injuries suffered by Plaintiffs as alleged herein. Plaintiffs will amend the Complaint to state the true names of defendants DOES 1 through 5 when their identity is discovered.

## JURISDICTION AND VENUE

10. The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 (federal question) and 1338(a) (any act of Congress relating to copyright) and under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

11. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(a).

12. This Court has personal jurisdiction over Defendants because, *inter alia*, (a) each of the Defendants or their respective agents are doing business in this district, and (b) Plaintiffs are informed and believe, and on that basis allege, that a substantial part of the wrongful acts committed by Defendants, and each of them, have occurred in interstate commerce, in the State of California, and in the Central District of California.

## BACKGROUND FACTS

### Plaintiffs' Copyrighted Works

13. Plaintiffs and certain of their affiliates are producers, distributors, and/or exclusive licensees of motion pictures and television programs in the United States. Plaintiffs are, among other things, engaged in the business of developing, producing, distributing, and/or licensing to others, the right to copy, distribute, transmit, and exhibit copyrighted motion pictures, television programs and/or other audiovisual works.

14. Plaintiffs, either directly or through their affiliates or licensees, distribute their copyrighted works in various forms including, without limitation, for exhibition in theaters, through television broadcasts, over the Internet, and through cable and direct-to-home satellite services (including basic, premium, "pay-per-view," and "video on demand" ("VOD") television services). In addition, Plaintiffs distribute their motion pictures and television programs on digital versatile discs ("DVDs") and other formats, including next generation and

high definition discs, by selling them directly or indirectly to the home viewing market or licensing them to others to do so. Plaintiffs also distribute their copyrighted works, among other ways, through Internet-based streaming and download services and other media or license others to do so. Plaintiffs also offer streaming video clips of many of their popular television shows and other copyrighted works through their own websites (such as disney.go.com) or through licensees.

15. Each Plaintiff or its predecessor-in-interest is the owner or exclusive licensee of United States copyrights in a substantial number of motion pictures and/or television programs. Attached hereto as Exhibit A and incorporated herein by reference is an illustrative schedule of some of the motion pictures in which Plaintiffs own the copyright or exclusive distribution and public performance and display right.

16. By way of illustration, Plaintiffs are the owners of United States copyrights or the exclusive distribution and public performance rights in the following motion pictures: Plaintiff Disney (*Casanova*); and Plaintiff Paramount (*Cloverfield*).

17. Plaintiffs have registered with the United States Copyright Office their copyrights in the works identified in Paragraph 16 above and in Exhibit A.

18. Plaintiffs and certain of their affiliates have invested (and continue to invest) substantial sums of money and effort each year to develop, produce, and distribute motion pictures and/or television programs protected under copyright and other laws. Defendants' actions, as described below, infringe Plaintiffs' exclusive rights under the Copyright Act and other laws and diminish the economic value of such rights.

## Defendants' Unlawful Activities

19. As alleged hereinabove, Defendants operate a website called FOMDB, located at www.fomdb.com. Defendants explain FOMDB as an acronym for "Free Online Movie DataBase." The primary purpose of FOMDB is to disseminate to its users content that has been unlawfully reproduced, distributed, publicly performed, and/or publicly displayed that is available on third-party Internet websites. FOMDB facilitates the ability of its users to have access, on demand, to copyrighted movies and other audiovisual works that have been unlawfully reproduced, distributed, publicly performed, and/or publicly displayed in violation of Plaintiffs' copyrights.

20. Defendants' website is a one-stop shop for infringing material. Specifically, Defendants' FOMDB website provides links to infringing content available on third-party websites. Defendants make such infringing content easily accessible to users by creating and maintaining an index of links to the infringing content available on third-party sites. Most, if not all, of the content indexed on and available via FOMDB's website is infringing, unauthorized copyrighted content, including Plaintiffs' copyrighted works.

21. The "Videos" section of FOMDB, located at http://www.fomdb.com/browse_videos.php, features an index of links to infringing content organized into categories such as "Movie – Action," "Movie – Comedy," and "Movie – Drama." Under each of these categories, FOMDB lists the titles of the particular infringing copyrighted works available for viewing on its website. Among these titles are works that are currently being exhibited in movie theaters (*e.g.*, *Indiana Jones And The Kingdom Of The Crystal Skull* and *Iron Man*).

22. To watch an infringing copy of a work using Defendants' FOMDB website, the user clicks on the title of a particular infringing work (*e.g.*, the motion picture *Disturbia*) from FOMDB's index. A page then appears on the FOMDB site in which the work is performed and displayed on an embedded video player.

When FOMDB displays these links and videos, FOMDB simultaneously solicits users to make monetary donations to the owners and operators of FOMDB.

23. In furtherance of creating and posting the index of links to infringing content, which FOMDB makes available to its users via a single click of the mouse, the FOMDB website also contains forums that allow users to suggest new links to infringing copyrighted works, request new content, and provide feedback to the operators of the Website.

24. Plaintiffs are informed and believe, and based thereon allege, that Defendants manage their website by identifying, selecting, posting, and organizing links to third-party websites containing infringing content. Defendants exercise control over the selection and organization of the links to infringing content available on their website.

25. Most, if not all, of the content available for streaming through FOMDB is infringing copyrighted video content, including Plaintiffs' copyrighted works. Furthermore, Defendants know and intend that the links on their FOMDB website consist of links to unauthorized infringing copies of copyrighted works, including Plaintiffs' copyrighted works. The fundamental purpose of FOMDB is to further the illegal dissemination and to contribute to the illegal dissemination of infringing works.

26. By virtue of the conduct alleged hereinabove, Defendants knowingly promote, participate in, facilitate, assist, enable, materially contribute to, encourage, and induce copyright infringement, thereby secondarily infringing the copyrights in Plaintiffs' copyrighted works, including but not limited to those listed in Exhibit A attached to this Complaint.

27. On June 24, 2008, Plaintiffs gave notice to Defendants that their website infringes Plaintiffs' copyrights, specifically identifying over 20 examples of copyrighted works on FOMDB that are owned or controlled by Plaintiffs and that are being infringed by the FOMDB website. Plaintiffs demanded that

Defendants immediately cease the infringement and take steps to ensure that the website does not infringe upon the copyrights of Plaintiffs' copyrighted works in the future. Defendants, however, ignored Plaintiffs' notice, failing either to remove the links to Plaintiffs' copyrighted works from the FOMDB website or to take steps to ensure that their website does not infringe upon the copyrights of Plaintiffs' copyrighted works in the future.

28. Defendant Williams was, at one time, the owner and operator of FOMDB and the person primarily responsible for FOMDB's infringing activities. Defendant Williams claims he has sold his interest in FOMDB and has no current affiliation with FOMDB. On information and belief, Defendant Williams remains an owner and/or operator of FOMDB.

29. No Plaintiff has granted any license, permission, authorization, or consent to Defendants to use or exploit any of Plaintiffs' copyrighted works. Instead, in violation of Plaintiffs' rights under copyright law, Defendants have willfully, intentionally, and knowingly facilitated, enabled, induced, and materially contributed to infringing uses thereof.

30. Defendants' conduct causes substantial harm to Plaintiffs and to their intellectual property. Among other things, Defendants' conduct interferes with the continued growth and development of numerous emerging legitimate services offering consumers a means to obtain and view copies of audiovisual works on the Internet and through other channels of distribution.

## **<u>FIRST CLAIM FOR RELIEF</u>**

**(Contributory Copyright Infringement)**

**17 U.S.C. §§ 101, *et seq.***

31. Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs 1 through 30, inclusive, as though fully set forth herein.

32. Plaintiffs own the United States copyrights or the pertinent exclusive rights, including without limitation the reproduction, distribution, public performance, and public display rights, in and to the copyrighted works listed in Paragraph 16 and in Exhibit A, as well as many other motion pictures and other audiovisual works.

33. Plaintiffs (or their predecessors) have obtained copyright registration and/or preregistration certificates for each work listed in Exhibit A. In doing so, Plaintiffs have complied in all respects with 17 U.S.C. §§ 101, *et seq.*, the statutory deposit and registration requirements thereof, and all other laws governing federal copyrights.

34. By virtue of the availability of infringing copies of Plaintiffs' copyrighted works on third-party websites, Plaintiffs' exclusive rights of reproduction, distribution, public performance, and public display have been infringed in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

35. Plaintiffs are informed and believe, and based thereon allege, that Defendants know or have reason to know of the aforesaid infringement of Plaintiffs' copyrighted works, and Defendants materially contribute to and further such infringement. The infringement of Plaintiffs' copyrighted works on FOMDB is open and notorious. Furthermore, the purpose and function of FOMDB is the illegal dissemination of Plaintiffs' copyrighted works. Plaintiffs' copyrighted works are well-known and recognizable, and even a cursory review of the FOMDB website reveals that it provides access to numerous infringing copies of Plaintiffs' copyrighted motions pictures.

36. Moreover, while unnecessary to establish Defendants' knowledge of the blatant and extensive infringement promoted by their website, Plaintiffs provided Defendants with written notice of the infringement of Plaintiffs' copyrighted works occurring via the FOMDB website. Defendants failed to halt their infringing activities.

37. By enabling, causing, facilitating, materially contributing to, and encouraging the unauthorized reproduction, distribution, public performance, and public display, of unauthorized copying of Plaintiffs' copyrighted works (including the works listed in Exhibit A) in the manner described above, with full knowledge of the illegality of such conduct, Defendants contribute to and induce a vast number of copyright infringements, including infringements of Plaintiffs' copyrighted works, in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

38. The unauthorized reproduction, distribution, public performance, and public display of Plaintiffs' copyrighted works that Defendants enable, cause, materially contribute to, and encourage through the acts described above are without Plaintiffs' consent and are not otherwise permissible under the Copyright Act.

39. Plaintiffs are informed and believe, and based thereon allege, that the foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiffs' copyrights and exclusive rights under copyright.

40. As a direct and proximate result of Defendants' infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs have sustained and will continue to sustain actual damage. Plaintiffs are entitled to their actual damages plus Defendants' profits from infringement of Plaintiffs' copyrighted works, as will be proven at trial. Alternatively, at Plaintiffs' election, Plaintiffs are entitled to the maximum statutory damages as permitted by federal copyright law.

41. Defendants' acts have caused and continue to cause substantial irreparable harm to Plaintiffs. Unless Defendants are enjoined from engaging in their wrongful conduct, Plaintiffs will suffer further irreparable injury and harm, for which they have no adequate remedy at law.

42. Plaintiffs are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF

**(Inducement of Copyright Infringement)**

**17 U.S.C. §§ 101, *et seq.***

43. Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs 1 through 30 and 32 through 34, inclusive, as though fully set forth herein.

44. Defendants are liable under the Copyright Act for inducing and encouraging the acts of direct copyright infringement hereinabove alleged. Defendants operate the FOMDB website with the object of promoting the use of the website to infringe Plaintiffs' copyrights, evidenced by Defendants' clear expression and/or other affirmative steps taken to foster infringement.

45. Defendants' unlawful objective to promote infringement is demonstrated by numerous indicia including, without limitation, their operation of a website that is almost exclusively devoted to the infringement of copyrighted works and that takes affirmative steps to build a vast virtual library of links to such infringing works, by satisfying a source of demand for copyright infringement, by failing to develop or employ any tools or other mechanisms to diminish infringement on Defendants' site, and by incorporating a business model which uses infringing content to attract a high volume of visitors to the site for the purpose of selling advertising.

46. Defendants' acts constitute inducement of copyright infringement in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

47. Plaintiffs are informed and believe, and based thereon allege, that the foregoing acts of infringement by Defendants have been willful, intentional, and

purposeful, in disregard of and indifference to Plaintiffs' copyrights and exclusive rights under copyright.

48. As a direct and proximate result of Defendants' infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs have sustained and will continue to sustain actual damage. Plaintiffs are entitled to their actual damages plus Defendants' profits from infringement of Plaintiffs' copyrighted works, as will be proven at trial. Alternatively, at Plaintiffs' election, Plaintiffs are entitled to the maximum statutory damages as permitted by federal copyright law.

49. Defendants' acts have caused and continue to cause substantial irreparable harm to Plaintiffs. Unless Defendants are enjoined from engaging in their wrongful conduct, Plaintiffs will suffer further irreparable injury and harm, for which they have no adequate remedy at law.

50. Plaintiffs are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that this Court enter judgment in their favor and against Defendants, as follows:

(a) adjudge and declare that Defendants' activities constitute contributory copyright infringement and inducement of copyright infringement, respectively;

(b) preliminary and permanently enjoin, pursuant to 17 U.S.C. § 502, Defendants and their officers, agents, servants, employees, attorneys, successors, licensees, partners, and assigns, and all those acting directly or indirectly in concert or participation with any of them, from contributorily infringing by any means and/or inducing copyright infringement by any means of the exclusive rights of Plaintiffs and their affiliates under the Copyright Act, including, but not limited to,

any of Plaintiffs' and Plaintiffs' affiliates' rights in any of the copyrighted works listed in Exhibit A;

(c) award damages that Plaintiffs have sustained or will sustain by reason of Defendants' copyright infringement and all profits derived by Defendants from such conduct, or in lieu thereof, should Plaintiffs so elect, such statutory damages as the Court shall deem proper as provided in 17 U.S.C. § 504(c), including damages for willful infringement for each act of copyright infringement;

(d) award Plaintiffs' costs and reasonable attorneys' fees in accordance with 17 U.S.C. § 505;

(e) award Plaintiffs pre-judgment and post-judgment interest according to law; and

(f) award Plaintiffs such further and additional relief as the Court may deem just and proper.

DATED: July 28, 2008

ROBERT H. ROTSTEIN
WADE B. GENTZ
ERIC S. BOORSTIN
MITCHELL SILBERBERG & KNUPP LLP

By: [signature]
Wade B. Gentz
Attorneys for Plaintiffs

# EXHIBIT A

## Exhibit A

| Title | Owner | Reg. No. |
|---|---|---|
| *Bad News Bears* | Paramount Pictures Corporation | PA1-283-980 |
| *Bee Movie* | DreamWorks Animation LLC | PA1-590-314 |
| *Casanova* | Touchstone Pictures a.a.d.o. Disney Enterprises, Inc. | PA1-316-974 |
| *Cloverfield* | Paramount Pictures Corporation | PA1-591-448 |
| *Dan In Real Life* | Disney Enterprises, Inc. | PA1-594-314 |
| *Disturbia* | DreamWorks LLC | PA1-367-903 |
| *Hot Rod* | Paramount Pictures Corporation | PA1-354-841 |
| *Indiana Jones And The Kingdom Of The Crystal Skull* | Lucasfilm Ltd. | PA1-597-330 |
| *Iron Man* | MVL Film Finance LLC | PA1-596-370 |
| *Kung Fu Panda* | DreamWorks Animation LLC | PA1-598-023 |
| *Pirates Of The Caribbean: At World's End* | Disney Enterprises, Inc. | PA1-334-112 |

| Title | Owner | Reg. No. |
|---|---|---|
| *Ratatouille* | Disney Enterprises, Inc. & Pixar | PA1-354-935 |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

**CV08- 4930 GW (AJWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>**312 N. Spring St., Rm. G-8**<br>**Los Angeles, CA 90012** | [ ] **Southern Division**<br>**411 West Fourth St., Rm. 1-053**<br>**Santa Ana, CA 92701-4516** | [ ] **Eastern Division**<br>**3470 Twelfth St., Rm. 134**<br>**Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

ROBERT H. ROTSTEIN (SBN 72452),
rxr@msk.com
WADE B. GENTZ (SBN 249793),
wbg@msk.com
ERIC S. BOORSTIN (SBN 253724),
esb@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DISNEY ENTERPRISES, INC., a Delaware corporation; and PARAMOUNT PICTURES CORPORATION, a Delaware corporation<br>PLAINTIFF(S)<br>v.<br>FOMDB.COM, a business entity of unknown form; RAYMOND WILLIAMS, an individual, d/b/a FOMDB.COM; and DOES 1 through 5, inclusive<br>DEFENDANT(S). | CASE NUMBER<br>CV08-04930 GW AJWx<br><br>**SUMMONS** |

TO:DEFENDANT(S): THE ABOVE-NAMED DEFENDANTS

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Wade B. Gentz, Mitchell Silberberg & Knupp LLP, whose address is 11377 West Olympic Boulevard Los Angeles, California 90064. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clark, U.S. District Court

Dated: JUL 28 2008

By: LA'REE HORN
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

1192


American LegalNet, Inc.
www.USCourtForms.com

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| DISNEY ENTERPRISES, INC., a Delaware corporation; and PARAMOUNT PICTURES CORPORATION, a Delaware corporation | FOMDB.COM, a business entity of unknown form; RAYMOND WILLIAMS, an individual, d/b/a FOMDB.COM; and DOES 1 through 5, inclusive |
| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): Los Angeles | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |
| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>ROBERT H. ROTSTEIN (SBN 72452)<br>WADE B. GENTZ (SBN 249793)<br>MITCHELL SILBERBERG & KNUPP LLP<br>11377 West Olympic Boulevard<br>Los Angeles, California 90064-1683 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $** 0.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

COPYRIGHT INFRINGEMENT (17 U.S.C. SECTIONS 101, ET SEQ.)

**VII. NATURE OF SUIT (Place an X in one box only.)**

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | { FORMCHECKBOX ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☒ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | **REAL PROPERTY** | | ☐ 445 American with Disabilities – Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | | | | ☐ 865 RSI(405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: ____________________.

CV08-04930



American LegalNet, Inc. www.USCourtForms.com

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
**CIVIL COVER SHEET**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**III(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☐ No ☒ Yes

yes, list case number(s): CV 07-4185; CV 07-6258; CV 07-7837; and CV 08-2530

**ivil cases are deemed related if a previously filed case and the present case:**

:heck all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☒ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**(. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)

☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

,OS ANGELES COUNTY

ist the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).

☐ Check here if the U.S. government, its agencies or employees is a named defendant.

JNKNOWN

**,ist the California County**, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)

**[ote:** In land condemnation cases, use the location of the tract of land involved.

,OS ANGELES COUNTY

**. SIGNATURE OF ATTORNEY (OR PRO PER):** [signature] **Date** July 28, 2008

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

:ey to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |


American LegalNet, Inc.
www.USCourtForms.com