JS-6

ROBERT H. ROTSTEIN (SBN 72452),
rxr@msk.com
WADE B. GENTZ (SBN 249793),
wbg@msk.com
ERIC S. BOORSTIN (SBN 253724),
esb@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISNEY ENTERPRISES, INC., a Delaware corporation; and PARAMOUNT PICTURES CORPORATION, a Delaware corporation. <br><br> Plaintiffs, <br><br> v. <br><br> FOMDB.COM, a business entity of unknown form; RAYMOND WILLIAMS, an individual, d/b/a FOMDB.COM; and DOES 1 through 5, inclusive, <br><br> Defendants. | Case No. CV 08-4930 GW (AJWx) <br><br> The Honorable George H. Wu <br><br> **CONSENT JUDGMENT** |

Plaintiffs Disney Enterprises, Inc. and Paramount Pictures Corporation (collectively, "Plaintiffs"), and Defendant Raymond Williams d/b/a www.fomdb.com ("Defendant"), having entered into a Stipulation for Entry of Judgment and the Court having entered an Order thereon,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Defendant has engaged in contributory copyright infringement and inducement of copyright infringement by actively searching for, identifying, collecting, posting, organizing, indexing, and posting on his website (www.fomdb.com) links to infringing material, which has been posted on third-party websites.

2. Defendant is liable for damages to Plaintiffs in the amount of Three Hundred Thousand Dollars ($300,000).

3. Defendant and his agents, servants, employees, representatives, assigns, licensees, transferees, and all those acting in concert with Defendant, at his direction or within his control (collectively, "Defendant"):

    (a) shall immediately and permanently cease and desist from operating FOMDB.com, except as otherwise provided for in Paragraph 5;

    (b) shall immediately and permanently cease and desist from operating any website that is substantially similar to FOMDB.com; and

    (c) shall immediately and permanently cease and desist from directly, indirectly, contributorily, or vicariously infringing in any manner any copyright in any and all motion pictures, television programs, and other copyrighted works (or portions thereof), whether now in existence or later created, in which any Plaintiff (including its parents, subsidiaries, or affiliates) owns or controls an exclusive right under Section 106 of the United States Copyright Act (17 U.S.C. § 106) or pursuant to copyright laws of other countries or territories (the "Copyrighted Works"), including, but

not limited to, engaging in any of the following without appropriate written authority or license from the appropriate Plaintiff:

    (1) copying, reproducing, downloading, distributing, uploading, linking to, transmitting, or publicly performing any of the Copyrighted Works;

    (2) enabling, facilitating, permitting, assisting, soliciting, encouraging, inducing, or persuading any person or entity to copy, reproduce, download, distribute, upload, link to, transmit, or publicly perform any of the Copyrighted Works; and/or

    (3) profiting or benefiting from the unauthorized copying, reproduction, downloading, distribution, uploading, linking to, transmission, or public performance of any of the Copyrighted works while declining to exercise a right to stop or limit such unauthorized copying, reproduction, downloading, distribution, uploading, linking to, transmission, or public performance of any of the Copyrighted works.

(d) if necessary, shall cease to operate or assist in the operation of, and will not profit or benefit from, any website known or suspected by Defendant to be engaging in direct, indirect, contributory, or vicarious infringement of any of the Copyrighted Works;

(e) shall not operate or, provide links to, assist or participate in any way in the operation of, or in any way profit or benefit from, any website that enables, facilitates, permits, assists, solicits, encourages, or induces the copying, reproduction, downloading, distributing, uploading, linking to, transmitting, or public performance of any of the Copyrighted Works, unless and until Defendant has obtained all necessary prior written authority or license for such Copyrighted Works from the appropriate Plaintiff.

4. This injunction shall not apply to any Copyrighted Works for which Defendant has obtained an appropriate written license from the Plaintiff that owns or controls the rights to such work, to the extent such license remains in force and valid.

5. Defendant shall destroy all digital files representing any Copyrighted Works that are currently in his possession, custody, or control. Defendant shall provide Plaintiffs with a sworn statement within five days after the entry of the Consent Judgment certifying his compliance with this provision.

6. Absent the prior written consent of Plaintiffs or their designee, Defendant shall not publicly release, distribute, sell, transfer or give away, for consideration or otherwise, any software, source code, object code, technology, domain name(s), trademark(s), brand(s), goodwill or any other property of any kind, in whole or in part, which is in any way related to http://www.fomdb.com, including without limitation, by posting such materials on an internet web page or by offering such materials over any peer-to-peer or file-trading network or any other medium.

7. Defendant irrevocably and fully waives notice of entry of the Consent Judgment and notice and service of the entered Consent Judgment and understands, confirms, and agrees that violation of the Consent Judgment will expose Defendant to all penalties provided by law, including contempt of Court.

8. Defendant irrevocably and fully waives any and all rights to appeal the Consent Judgment, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

9. Nothing contained in the Consent Judgment shall limit the right of Plaintiffs to seek relief, including without limitation, damages, for any and all infringements by Defendant of the Copyrighted Works occurring after the date Defendant executes the Stipulation for Entry of Judgment.

1     10.   This Consent Judgment shall be deemed to have been served upon Defendant at the time of its execution by the Court.

    11.   The Court finds there is no just reason for delay in entering this Consent Judgment and, pursuant to Federal Rule of Civil Procedure 54(a), the Court directs immediate entry of this Consent Judgment against Defendant.

    12.   The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Consent Judgment.

Dated: May 11, 2009

_____
The Honorable George H. Wu
United States District Judge

Submitted by:

DATED: May 6, 2009

ROBERT H. ROTSTEIN
WADE B. GENTZ
ERIC S. BOORSTIN
MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Wade B. Gentz
    Wade B. Gentz
    Attorneys for Plaintiffs